UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, *et al.*, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:18-0410 |
| v. | : | |
| PEGA REAL ESTATE TRUST, *et al.*, | : | (MANNION, D.J.) (SAPORITO, M.J.) |
| Defendants | : | |

**MEMORANDUM**

On February 16, 2018, plaintiffs Antonello Boldrini,[1] Michael J. Pega, Jr., and Daniele A. Boldrini, filed, *pro se*, a Notice of Removal, (Doc. 1), seeking to remove a case which was filed in the Court of Common Pleas of Luzerne County, Pennsylvania, namely, PEGA Real Estate Trust Notice of Audit filed February 17, 2017, Docket No. 4009-1634, regarding the cases of Estate of Mirella Pega and the Estate of Giuseppina Boldrini, Docket Nos. 4004-0411 and 4009-1357. Pending before the court is the report and recommendation of Judge Saporito[2], (Doc. 8), recommending that plaintiffs'

---

[1] The court notes that Antonello Boldrini has filed several prior *pro se* actions with this court.

[2] Plaintiff misidentifies Magistrate Judge Saporito as "Magistrate" Saporito. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Plaintiff is reminded to use the

action be remanded to state court pursuant to 28 U.S.C. §1447(c) for lack of subject matter jurisdiction. After being granted extensions of time, plaintiffs filed objections to Judge Saporito's report on April 20, 2018.[3] (Doc. 35). For the following reasons, the report and recommendation is **ADOPTED**, plaintiffs' action will be **REMANDED** to state court, and plaintiffs' objections will be **OVERRULED**.

I. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

---

correct title, in the future, when referring to Judge Saporito.

[3]Plaintiffs also filed numerous praecipes, (Docs. 12-32), related to the underlying estate proceedings, which have no bearing on the relevant issue of whether this court has subject matter jurisdiction over this case. As such, the state court can consider plaintiffs' praecipes when this case is remanded. The court is required to address the jurisdictional issue regarding plaintiffs' notice of removal before turning to any substantive issues in the underlying cases. *In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 249 (3d Cir. 2003).

2

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.   DISCUSSION

Judge Saporito correctly indicates that since plaintiffs were not defendants in the underlying actions filed in state court, this federal court lacks subject matter jurisdiction over the removed action.[4] Judge Saporito states that "there is simply no statutory authorization for a plaintiff, the party who chose to initiate litigation in the state forum, to remove his own action to federal court." (Doc. 8 at 2-3) (citations omitted). Judge Saporito also points

---

[4]The court notes that insofar as Antonello Boldrini asserts scurrilous unsubstantiated personal accusations against Judge Saporito in the objections, they will not be considered herein.

3

out that since the issue in this case is a jurisdictional defect in removal, not a procedural defect, the court can *sua sponte* remand the case to state court.

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." At all times this removal statute should be "strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

In Oravic v. Target Corporation, 2017 WL 511250, *1 (M.D.Pa. Feb. 8, 2017), the court explained:

> Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993). Moreover, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted); Shaffer v. GTE North, Inc., 284 F.3d 500, 502 (3d Cir. 2002).
>
> In the removal context, a district court has the authority–indeed the obligation–to remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

4

jurisdiction, the case shall be remanded."); see Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995) ("[Section 1447(c)] allows and indeed compels a district court to address the question of jurisdiction, even if the parties do not raise the issue."). Following Third Circuit law, we strictly construe the removal statutes against removal and resolve all doubts in favor of remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Plaintiffs are attempting to challenge a Notice of an Audit filed in state court regarding two estates, namely, Estate of Mirella Pega and the Estate of Giuseppina Boldrini. Plaintiffs allege that PEGA Real Estate Trust and the other named defendants in their petition for removal have "since 2004 purposely knowingly and in conspiracy misused Racketeering pursuant to Pa. 18 C.S.A. [§]911(h)(1)(iii) - 'the altar of the due process' to deprive all the plaintiffs of their property, liberty and life, allegedly causing the death of Giuseppina Boldrini." Plaintiffs also state that their petition for removal was based upon their constitutional right to equal protection under the law.

Despite plaintiffs' contentions in their objections that Judge Saporito erred regarding the correct basis of their petition for removal, at bottom, plaintiffs are not defendants in the underlying state court actions which they seek to remove depriving this federal court of subject matter jurisdiction. Thus, as Judge Saporito correctly points out in his report, the issue here is whether this court has jurisdiction pursuant to the removal statute, 28 U.S.C. §1441. As support for his finding that this court lacks subject matter jurisdiction, Judge Saporito cites to Shamrock Oil & Gas Corp. v. Sheets, 313

U.S. 100, 103, 61 S.Ct. 868 (1941), in which the Supreme Court affirmed the decision of the Fifth Circuit that "the plaintiff in the state court was not a 'defendant' within the meaning of section 28 of the Judicial Code, and so was not entitled to remove the cause under that section." In Shamrock Oil, 313 U.S. at 108, the Supreme Court also clearly held that the removal statute should be strictly construed against removal.

No doubt that "[t]he plain language of the statute [28 U.S.C. §1441(a)] clearly limits the right of removal to 'defendants.'" In re Notice of Removal Filed by William Einhorn, 481 F.Supp.2d 345, 347 (D.N.J. 2007). In the present case, plaintiffs are not even parties in the underlying state actions pertaining to two estates. "To interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff." Id. at 348.

Finally, the "[i]nterests of federalism and preservation of judicial resources also favor remand." In re Notice of Removal Filed by William Einhorn, 481 F.Supp.2d at 348. "In *Shamrock Oil*, [313 U.S. at 108,] the Supreme Court emphasized the importance of 'due regard for the rightful independence of state governments.'" Id. In the instant case, it is clear that the state's interest in the underlying estate actions and issues, which is an "area of law traditionally reserved to the states", predominates over the

alleged federal question raised by plaintiffs challenging the handling of the estates. Thus, the "interests of federalism are served by remand." Id.

Accordingly, plaintiffs' objections, (Doc. 35), to Judge Saporito's report, (Doc. 8), will be overruled, and the report will be adopted in its entirety. Since this court lacks jurisdiction over the present case, the case will be remanded to state court pursuant to 28 U.S.C. §1447(c).

## III. CONCLUSION

In light of the foregoing, Judge Saporito's report and recommendation, (Doc. 8), is **ADOPTED**, and plaintiff's objections, (Doc. 35), are **OVERRULED**. Further, plaintiffs' action, (Doc. 1), is **REMANDED** to the Luzerne County Court of Common Pleas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 26, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-0410-01.wpd